IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDMUNDO GONGORA,

                Petitioner,

v.

E. EMMERICH and BRIAN SKELLY,

                Respondents.

OPINION and ORDER

24-cv-932-jdp

---

Petitioner Edmundo Gongora, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Gongora contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) that, if applied, would result in his immediate release. Gongora is the subject of an expedited order of removal issued under 8 U.S.C. § 1225(b)(1), which respondent contends precludes the application of earned-time credit to his sentence. Gongora contends that because he was paroled into and has been in the United States continuously for two years before the order, he's not subject to expedited removal.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under 8 U.S.C. § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Gongora's petition does not fit within scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's the subject of a final order of removal. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

BACKGROUND

Gongora is a native and citizen of Colombia. Dkt. 10-5 at 2. On November 13, 2021, Gongora was paroled into the United States for criminal prosecution. *Id.* Gongora is serving an 87-month sentence based on a 2023 conviction in the Eastern District of Texas for conspiracy to operate a semi-submersible vessel without nationality. *United States v. Gongora*, 19-cr-211 (E.D Tx.), Dkt. 170. Gongora is incarcerated at FCI-Oxford and has a release date of April 3, 2026.

In December 2024, the Department of Homeland Security (DHS) issued a notice and order of expedited removal for Gongora. Dkt. 10-5. The order states that Gongora is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of Colombia; (2) he was paroled into the United States for criminal prosecution with authorization to remain no longer than November 15, 2021; and (3) he lacked valid entry documentation. *See id.*

After the petition was fully briefed, Gongora sought to supplement his reply, contending that he had discovered new evidence to support his petition. Dkt. 13. The court denied this request without prejudice because petitioner made no effort to describe the new evidence or explain how it would support his petition. Dkt. 14. Gongora then filled what he described as a supplement to his petition. Dkt. 15. Some of the arguments in the supplement are outside the scope of the original petition and it would be unfair to respondent to require more briefing at this late stage. In any case, nothing in Gongora's supplement affects the court's analysis or the outcome of the petition.

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

The government contends that the FSA prohibits the application of earned-time credit to Gongora's sentence because he's the subject of a final order of removal. Gongora contends that the expedited order of removal is invalid because he had been paroled into and lived in the United States continuously for two years before the order. The issue is whether the court has jurisdiction to hear Gongora's argument.

Gongora contends that this court may entertain his petition under § 1252(e). I understand Gongora to also contend that § 1252(e)(2) creates an exception to § 1252(a)(5), allowing district courts to exercise jurisdiction over a habeas petition challenging an expedited order of removal when the petition falls within the scope of § 1252(e)(2).

I will assume that § 1252(e)(2) carves out an exception to the exclusive jurisdiction of the court of appeals under § 1252(a)(5). But the issues that can be addressed by such a petition are restricted:

3

> (2) Habeas corpus proceedings
>
> > Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> >
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under such section, and
> >
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Gongora contends that the issue he's raising fits within § 1252(e)(2)(A): he argues that he's not an "alien."

Gongora says that the term "alien" is defined in § 1225(b)(1)(A)(iii)(II). That provision provides:

> > (II) Aliens described
> >
> > An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

Gongora argues that that he's not an "alien" under this provision because he was paroled into and had been in the United States continuously for two years before his order of removal. So, the argument goes, under § 1252(e)(2)(A) he's entitled to bring this claim to this court in a habeas petition.

4

The flaw in Gongora's argument is that § 1225(b)(1)(A)(iii)(II) doesn't define "alien" as that term is used in Title 8. Rather, § 1225(b)(1)(A)(iii)(II) identifies a category of aliens who are subject to expedited removal under § 1225.[1] The term "alien" in Title 8 means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Gongora does not dispute that he is a citizen of Colombia and is thus an "alien" under the general definition. Gongora's argument that he should not be subject to expedited removal because he was paroled into and had been in the United States continuously for two years before the order of removal is not one that this court has jurisdiction to hear.

The evidence shows that Gongora is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

ORDER

IT IS ORDERED that:

1. Petitioner Edmundo Gongora's petition, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

---

[1] The court of appeals has so held in *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025). The case is unpublished, and thus is not binding authority. But the holding is consistent with the text and structure of the statute pertaining to review of orders of expedited removal.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 6, 2025.

                                               BY THE COURT:

                                               /s/

                                            _____

                                            JAMES D. PETERSON
                                            District Judge